T.C. Memo. 2007-378

UNITED STATES TAX COURT

DARRELL JOE HARPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21616-06.                    Filed December 27, 2007.

Darrell Joe Harper, pro se.

<u>R. Scott Shieldes</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This matter is before us on petitioner's
motion under Rule 162[1] to vacate our order and decision entered
on November 14, 2007, in which we decided that there was a

---

[1] Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code of 1986, as amended.

deficiency in petitioner's Federal income tax due of $1,101 for tax year 2004. The only issue remaining is whether petitioner has shown that there are appropriate circumstances for vacating or revising our decision. We hold that he has not, and therefore we shall deny petitioner's motion.

## Background

At all times in this case, petitioner resided in Houston, Texas.

During a hearing on October 24, 2007, the parties stipulated that the determinations in a notice of deficiency that respondent issued to petitioner on September 11, 2006, were correct. According to the notice of deficiency, petitioner failed to report and pay taxes on $43 of taxable wages and $8,580 of unemployment compensation on his 2004 Federal income tax return, resulting in a deficiency of $1,101 in petitioner's Federal income tax for 2004. At the hearing, petitioner conceded all legal and factual issues in the case. The parties moved for entry of a decision, and an order and decision sustaining respondent's determination of petitioner's deficiency was entered.

On November 28, 2007, petitioner filed a motion to vacate our order and decision pursuant to Rule 162. Petitioner apparently seeks to withdraw his concessions but offers no specific guidance on which concessions he seeks to withdraw or a

cognizable reason for doing so. Petitioner's arguments in support of his motion are that he objects to how his tax dollars are being used, and he feels that respondent is seeking the amount of his deficiency for an improper purpose. Petitioner offered no evidence that respondent has acted improperly in this case.

## Discussion

This Court applies a stringent standard when considering whether to vacate a judgment entered into by consent of the parties. We have upheld such agreements unless the moving party shows lack of formal consent, fraud, mistake, or a similar ground. Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 335 (1997), affd. without published opinion 208 F.3d 205 (3d Cir. 2000); Brewer v. Commissioner, T.C. Memo. 2005-10. Petitioner has not argued that any of these or similar grounds are present in this case. Furthermore, we are not inclined to allow petitioner to withdraw his concessions where doing so will prejudice respondent by increasing the cost of litigating this case, particularly because petitioner conceded that respondent's determination was correct in order to avoid a trial. See Gale v. Commissioner, T.C. Memo. 2002-54.

At this time we decline to impose sanctions under section 6673(a)(1). However, we warn petitioner that this Court is not the appropriate forum for airing his personal grievances, and we

shall impose a penalty of up to $25,000 under section 6673(a)(1) if petitioner continues to advance groundless arguments or files additional motions to delay the final outcome of this case and increase the cost of maintaining these proceedings.

Accordingly, we shall deny petitioner's motion for reconsideration.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.